**Monica DUARTE, an individual, Plaintiff—Appellant,**

v.

**Christopher ROBARDS, Burbank Police Officer; Jose C. Duran, Burbank Police Sergeant; Brent Dyrness, Burbank Police Detective; Scott A. Meadows, Burbank Police Officer; Frank Reilman, Burbank Police Sergeant; City of Burbank, Defendants—Appellees.**

No. 02–56563.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2003.*

Decided Dec. 24, 2003.

Kevin G. Little, Attorney at Law, Fresno, CA, Tina Wolfson, Esq., Ahdoot & Wolfson, APC, Encino, CA, for Plaintiff–Appellant.

Dennis Barlow, Esq., Office of the City Attorney, Burbank, CA, for Defendant–Appellees.

Before: PREGERSON, COWEN,** and W. FLETCHER, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

MEMORANDUM ***

Burbank police investigating certain illicit graffiti art suspected that Salvador Lugo, Jr., a known local gang member, was responsible. They believed that he lived at 6228 Cahuenga Boulevard in North Hollywood, California, but had conflicting information on whether he lived downstairs (in apartment A), or upstairs (in apartment B). They therefore sought and received a search warrant for both apartments on the ground that they believed Lugo to be in "control" of both apartments. When they executed the warrant, they found plaintiff Monica Duarte in apartment B and, despite her protests that she did not know Lugo and that he did not live there, continued to search her entire apartment for graffiti- and gang-related items.

Duarte brought this § 1983 suit against the executing officers and the City of Burbank seeking damages as a result of the search. Following discovery, defendants moved for summary judgment. The district court found that no material facts were in dispute and that the police retained probable cause to search apartment B throughout the search. On this ground, the district court granted summary judgment to all defendants on all claims.

Duarte's case is predicated on a single claim: Once the officers realized that they might have been in an apartment erroneously included within the terms of the search warrant (i.e., apartment B), the continued search of the apartment violated her Fourth Amendment rights as elaborated in *Maryland v. Garrison*, 480 U.S. 79, 107 S.Ct. 1013, 94 L.Ed.2d 72 (1987). She asserts that *Garrison* stands for the proposition that officers are required to discontinue a search, even if pursuant to a war-

rant, when "put on notice of the risk that they might be in an [apartment] erroneously included within the terms of the warrant." *Id.* at 87 (emphasis supplied). It is undisputed that the police continued to search Duarte's apartment after they were "on notice" that Lugo "might" not live there, and even after they concluded that Lugo in fact did not live there.

Nevertheless, the doctrine expounded in *Garrison* is not founded on whether the police were "on notice" that they "might" be in the wrong apartment but, rather, whether they acted in an objectively understandable and reasonable manner. *See Garrison*, 480 U.S. at 88 ("the validity of the search of [Garrison's] apartment ... depends on whether the officers' failure to realize the overbreadth of the warrant was *objectively understandable and reasonable.*") (emphasis supplied); *see generally* U.S. Const. amend. IV (prohibiting "unreasonable" searches and seizures).

The search warrant did not describe the premises to be searched as "Lugo's apartment" but, rather, "apartments A and B" at "6228 Cahuenga Bl." on the grounds that the affiant had "formed the opinion that [Lugo] has *control* of both apartments A and B." (emphasis supplied). Given this opinion --- accepted by the judge that issued the warrant --- it was objectively reasonable under *Garrison* for the police to believe that, even if Lugo lived in apartment A, or even if he lived elsewhere, that he sufficiently controlled apartment B that their search remained within the scope of the warrant. Thus, the police were not obliged to discontinue the search of apartment B even after they concluded that Lugo did not reside there.

As the individual officer defendants acted objectively reasonably, Duarte's claim

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

against them must fail. Because her claim against the City of Burbank is dependant on her claim against the officers, that claim must likewise fail. The grant of summary judgment to defendants is therefore AFFIRMED.